ERIK A. OLSON [8479]
EOLSON@MOHTRIAL.COM
TREVOR C. LANG [14232]
TLANG@MOHTRIAL.COM
**MARSHALL OLSON & HULL, P.C.**
NEWHOUSE BUILDING
TEN EXCHANGE PLACE, SUITE 350
SALT LAKE CITY, UTAH 84111
TELEPHONE: 801.456.7655

ATTORNEYS FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| C7 DATA CENTERS, INC., a Utah corporation,<br><br>           Plaintiff,<br>v.<br><br>COINTERRA, INC., a Delaware corporation,<br><br>           Defendant. | **NOTICE OF REMOVAL**<br><br>Civil No. 2:15-cv-00019-DN |

PLEASE TAKE NOTICE that defendant CoinTerra, Inc. ("CoinTerra") hereby removes this action from the Third Judicial District Court, Salt Lake County, State of Utah, to the United States District Court, District of Utah, Central Division, in accordance with 28 U.S.C. §§ 1441 and 1446, and, in support thereof, states as follows:

## FACTUAL BACKGROUND

1.     Plaintiff C7 Data Centers, Inc. ("C7") commenced a civil action against CoinTerra in the Third Judicial District Court, Salt Lake County, State of Utah, Case No. 140908198, the Honorable Kate Toomey presiding (the "State Court Action"). C7's complaint alleges that CoinTerra breached certain agreements between the parties. [*See* Complaint (Dec. 3, 2014) (attached as Ex. A).] CoinTerra denies any wrongdoing.

2.     C7 filed its complaint on December 3, 2014. [*See id*.]

3.     CoinTerra, via its counsel, accepted service of process of the complaint and summons on December 10, 2014. [*See* Acceptance of Service (Dec. 10, 2014) (attached as Ex. B).]

## PAPERS FROM REMOVED ACTION

4.     In accordance with 28 U.S.C. § 1446(a), accompanying this Notice of Removal as Exhibits A through B are copies of all process, pleadings, and orders served upon CoinTerra in the State Court Action.

## TIMELINESS OF REMOVAL

5.     As required by 28 U.S.C. § 1446(b)–(c), this Notice of Removal is being timely filed within thirty days after CoinTerra accepted service of the summons and complaint and within one year of C7's commencement of the action.

## CONSENT

6.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), because CoinTerra is the only defendant in this action, no consent is required to remove this matter.

## DIVERSITY JURISDICTION

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because C7 and CoinTerra are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

8. C7 is a corporation incorporated under the laws of the State of Utah. [Complaint ¶ 1.]

9. CoinTerra is a corporation organized under the laws of the State of Delaware with its principal place of business located in Austin, Texas. [Complaint ¶ 2.]

10. The parties are citizens of different states.

### *Amount in Controversy*

11. C7's complaint alleges that no less than $5,394,113.92 is at issue. [Complaint 6 (prayer for relief).]

12. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

## NOTICE OF FILING OF REMOVAL

13. In accordance with 28 U.S.C. § 1446(d), CoinTerra has filed a copy of this Notice of Removal with the Clerk of the Third Judicial District Court, Salt Lake County, State of Utah, to effect this removal.

## CONCLUSION

There is now—and there was at the time of commencement of this lawsuit—complete diversity of citizenship among the parties with an amount in controversy that exceeds the jurisdictional minimum.  Consequently, this Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1332, and the case falls within this Court's removal jurisdiction pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, CoinTerra hereby removes this action to this Court for all future proceedings and trial.  CoinTerra reserves all rights, including defenses and objections, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

DATED this 9th day of January, 2015.

                                               **MARSHALL OLSON & HULL, P.C.**

                                               BY:    /s/ Trevor C. Lang
                                                          ERIK A. OLSON
                                                          TREVOR C. LANG

                                               ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** was filed this 9th day of January, 2015, via the Court's electronic system, which served all counsel of record, and was emailed and mailed via U.S. mail as follows:

    Jason D. Boren
    borenj@ballardspahr.com
    Quinton J. Stephens
    stephensq@ballardspahr.com
    Ballard Spahr LLP
    201 South Main Street, Suite 800
    Salt Lake City, Utah 84111-2221

                                                             /s/ Trevor C. Lang

# EXHIBIT A

Jason D. Boren (#7816)
Quinton J. Stephens (#12675)
Ballard Spahr LLP
201 South Main Street, Suite 800
Salt Lake City, Utah 84111-2221
Telephone:  (801) 531-3000
Facsimile:  (801) 531-3001
E-mail:  borenj@ballardspahr.com
E-mail:  stephensq@ballardspahr.com

Attorneys for C7 Data Centers, Inc.

# IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **C7 DATA CENTERS, INC.**, a Utah corporation,<br><br>          **Plaintiff,**<br><br>v.<br><br>**COINTERRA, INC.**, a Delaware Corporation,<br><br>          **Defendant.** | **COMPLAINT**<br><br>**Case No.**<br><br>**Honorable** |

Plaintiff C7 Data Centers, Inc. ("C7"), by and through its undersigned counsel, Ballard Spahr LLP, hereby complains of Defendant Cointerra, Inc. ("Cointerra") as follows:

### THE PARTIES

1.     C7 is a corporation incorporated under the laws of the State of Utah.

2.     Cointerra is a corporation organized under the laws of the State of Delaware with its principal place of business located in Austin, Texas.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102(1).

4. Venue of this action properly lies in this court pursuant to Utah Code Ann. § 78B-3-304 and pursuant to Paragraph 8.12 of the Parties' Master Services Agreement.

5. The agreement between C7 and Cointerra also provides that the exclusive venue for any judicial action arising out of or relating to the agreement shall be in Salt Lake City, Utah and the parties consent to the jurisdiction of said courts and waive any objection thereto.

## GENERAL ALLEGATIONS

6. On or about April 9, 2014, C7 and Cointerra entered into a Master Services Agreement – No. CT00040214 (the "Agreement") and an accompanying Statement of Work – No. CT00040114-01 ("SOW") (collectively the Agreement and SOW will be referred to as the "Contract"), copies of which are attached hereto as Exhibits A and B, respectively.

7. The term of the Contract was 18 months beginning on approximately April 9, 2014 and continuing until approximately October 9, 2015. (Exhibit A at ¶ 7.1.)

8. Under the Contract, C7 would provide Colocation and Hosting Services as well as Monitoring and Management Services. (Exhibit A at ¶ 1.1.)

9. More particularly, C7 provides Cointerra cabinet space inside of three separate data centers along with the necessary support of the infrastructure installed therein, including, but not limited to, electricity.

10. Cointerra provides Bitcoin mining solutions for individuals wishing to mine Bitcoin.[1]

11. The mining of Bitcoin consumes large amounts of power and, as such, Cointerra required massive amounts of electricity be provided by C7 to maintain its operations.

12. In order to provide services to Cointerra, C7 has requested and obtained power from Rocky Mountain Power at costs exceeding $12,000.00 per day.

13. In addition, in order to provide services to Cointerra, C7 incurred substantial initial costs and refused services to other potential customers in order to accommodate Cointerra's needs.

14. Cointerra is aware of the initial costs incurred by C7 and is aware that C7 turned down other potential customers who wanted the same data center space that C7 ultimately provided to Cointerra.

15. Cointerra also knows that C7 is incurring recurring costs, including electricity costs, to perform its obligations under the Contract.

16. The Contract requires Cointerra to pay C7 a monthly administration plus any additional expenses, taxes, support and services charges, and/or late fees. (Exhibit A at ¶ 4.0; Exhibit B at ¶ 3.0, Appendix A.)

17. Specifically, Section 4.1 of the Agreement (Exhibit A) states:

**Fees.** In consideration of the Services, Customer shall pay to C7 the fees and other charges set forth in the Payment Schedule of the applicable SOW. Payment of these fees and other charges entitles Customer to the Services specified in the applicable SOW. All payments are due within thirty (30) days of Customer's receipt of C7's invoice detailing the Services rendered.

---

[1] Mining Bitcoin is the process of adding Bitcoin into circulation by compiling recent transactions into blocks and by solving computationally difficult puzzles.

18. Cointerra's latest invoice had current charges of $426,243.30. Of this, $75,862.50 was for cabinets and the remaining $350,380.80 was for electricity.

19. Almost immediately after entering into the Contract, Cointerra fell delinquent, often paying less than the amount required to bring it current.

20. Upon information and belief, Cointerra often had revenue sufficient to make larger payments to C7.

21. Upon information and belief, Cointerra chose to pay C7 less than the amounts due in bad faith, knowing that Cointerra was incurring expenses at or above the amounts it was receiving from Cointerra.

22. As of December 1, 2014, Cointerra's past due balance was approximately $1.4 million.

23. The Agreement also provides that "[a]ny payments paid by [Cointerra] more than ten (10) days after the due date ("late payments") shall be subject to a finance charge of 1% per month until paid in full." (Exhibit A at ¶ 4.4.)

24. Cointerra has failed and/or refused to make the payments required under the Contract.

25. C7 sent notices to Cointerra on a weekly basis notifying it of its past due balance and requesting payment.

26. Despite these notices, Cointerra has failed and /or refused to make the payments required under the Contract.

27. Cointerra's contract charges continue to accrue on a monthly basis at a rate of over $425,000.00 per month.

4

28. The Contract also specifically provides that "[i]n the event of any litigation or arbitration between the Parties relating to this Agreement or the Services or Resources, the prevailing Party shall be entitled to recover from the other Party all reasonable attorneys' fees and other reasonable costs incurred by the prevailing Party in connection therewith." (Exhibit A at ¶ 8.5.)

29. The damages suffered by C7 as a consequence of Cointerra's breach, including payments through the end of the Contract, total $5,394,113.92, plus additional expenses, taxes, late fees, interest, attorneys' fees, and/or costs.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

30. Plaintiff incorporates by reference the allegations above.

31. The Contract constitutes a valid, binding, and enforceable contract between C7 and Cointerra.

32. Cointerra has breached the Contract by failing and/or refusing to make the payments to C7 due thereunder.

33. Cointerra's breach manifests its bad faith as, upon information and belief, Cointerra had the ability to make larger payments but intentionally refrained from doing so knowing that C7 had significant expenses to maintain its services for Cointerra.

34. As a direct and proximate result of Cointerra's breaches, C7 has suffered, and will continue to suffer, damages in an amount to be determined at trial but no less than $5,394,113.92, plus any additional expenses, taxes, late fees, interest, attorneys' fees, and/or costs.

5

DMWEST #11500139 v5

## SECOND CLAIM FOR RELIEF
(Alternatively – Unjust Enrichment)

35. Plaintiff incorporates by reference the allegations above.

36. Cointerra has received, and continues to receive, benefits from C7 which have been uncompensated.

37. Said benefits are in excess of $1,400,000.00.

38. Cointerra has had an appreciation and knowledge of these benefits.

39. It would be unjust for Cointerra to retain such benefits without compensating C7 for the same.

40. As a direct and proximate result of Cointerra's actions, C7 has suffered, and will continue to suffer, damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests the following relief:

A. A judgment in favor of C7 and against Cointerra in an amount to be determined at trial but no less than $5,394,113.92, plus any additional expenses, taxes, late fees, interest, attorneys' fees, and/or costs; and

B. Any other relief the Court finds just and equitable.

DATED this 3rd day of December, 2014.

/s/ Jason D. Boren, Esq.
Jason D. Boren, Esq.
Quinton J. Stephens, Esq.
BALLARD SPAHR LLP
Attorneys for C7 Data Centers, Inc.

Plaintiff's Address:

C7 Data Centers, Inc.
357 South 670 West
Suite 100
Lindon, Utah 84042

7

DMWEST #11500139 v5

# EXHIBIT B

Jason D. Boren (#7816)
Quinton J. Stephens (#12675)
Ballard Spahr LLP
201 South Main Street, Suite 800
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
E-mail: borenj@ballardspahr.com
E-mail: stephensq@ballardspahr.com

Attorneys for C7 Data Centers, Inc.

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| C7 DATA CENTERS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>COINTERRA, INC., a Delaware Corporation,<br><br>Defendant. | **ACCEPTANCE OF SERVICE**<br><br>Case No. 140908198<br><br>**Honorable Kate Toomey**<br><br>Tier 3 |

Timothy A. ("Tad") Davidson II, as attorney for and on behalf of Cointerra, Inc., hereby accepts service of process of the attached Summons and Complaint in this action and waives service pursuant to Rule 4 of the Utah Rules of Civil Procedure. A response to the attached Complaint will be due thirty (30) days from the date of this Acceptance of Service.

DATED this 10 day of December, 2014.

_____
Timothy A. ("Tad") Davidson II
ANDREWS KURTH LLP
Attorneys for Cointerra, Inc.