Jason D. Boren (#7816)
Quinton J. Stephens (#12675)
Ballard Spahr LLP
201 South Main Street, Suite 800
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
E-mail: borenj@ballardspahr.com
E-mail: stephensq@ballardspahr.com

Attorneys for C7 Data Centers, Inc.

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| C7 DATA CENTERS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>COINTERRA, INC., a Delaware Corporation,<br><br>Defendant. | **ACCEPTANCE OF SERVICE**<br><br>Case No. 140908198<br><br>Honorable Kate Toomey<br><br>Tier 3 |

Timothy A. ("Tad") Davidson II, as attorney for and on behalf of Cointerra, Inc., hereby accepts service of process of the attached Summons and Complaint in this action and waives service pursuant to Rule 4 of the Utah Rules of Civil Procedure. A response to the attached Complaint will be due thirty (30) days from the date of this Acceptance of Service.

DATED this 10 day of December, 2014.

                                                       */s/*_____

Timothy A. ("Tad") Davidson II
ANDREWS KURTH LLP
Attorneys for Cointerra, Inc.

Jason D. Boren (#7816)
Quinton J. Stephens (#12675)
Ballard Spahr LLP
201 South Main Street, Suite 800
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
E-mail: borenj@ballardspahr.com
E-mail: stephensq@ballardspahr.com

Attorneys for C7 Data Centers, Inc.

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| C7 DATA CENTERS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>COINTERRA, INC., a Delaware Corporation,<br><br>    Defendant. | **SUMMONS**<br><br>**Case No. 140908198**<br><br>**Honorable Kate Toomey**<br><br>Tier 3 |

**THE STATE OF UTAH TO THE ABOVE NAME DEFENDANT**

**COINTERRA, INC., a Delaware corporation**
**c/o Ravi Iyengar**
**Registered Agent**
**11130 Jollyville Road Suite 303**
**Austin, Texas 78759**

    Within thirty (30) days after service of this Summons and Complaint upon you, you are required to serve a written Answer to the Complaint by hand delivering or mailing a copy of your Answer to Plaintiff's attorneys, Jason D. Boren and Quinton J. Stephens of Ballard Spahr LLP, 201 South Main Street, Suite 800, Salt Lake City, Utah 84111-2221. You are required to

file your Answer with the Clerk of the Third Judicial District Court, Salt Lake County, 450 South State Street, P.O. Box 1860, Salt Lake City, Utah 84114-1860, where the Complaint has been filed. If you do not serve and file an Answer to the Complaint within thirty (30) days, judgment by default will be entered against you for the relief demanded.

DATED this 5th day of December, 2014.

/s/ Jason D. Boren, Esq.
Jason D. Boren, Esq.
Quinton J. Stephens, Esq.
BALLARD SPAHR LLP
Attorneys for C7 Data Centers, Inc.

2

Jason D. Boren (#7816)
Quinton J. Stephens (#12675)
Ballard Spahr LLP
201 South Main Street, Suite 800
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
E-mail: borenj@ballardspahr.com
E-mail: stephensq@ballardspahr.com

Attorneys for C7 Data Centers, Inc.

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **C7 DATA CENTERS, INC.**, a Utah corporation, | **COMPLAINT** |
| **Plaintiff,** | **Case No.** |
| v. | **Honorable** |
| **COINTERRA, INC.**, a Delaware Corporation, | **Tier 3** |
| **Defendant.** | |

Plaintiff C7 Data Centers, Inc. ("C7"), by and through its undersigned counsel, Ballard Spahr LLP, hereby complains of Defendant Cointerra, Inc. ("Cointerra") as follows:

### THE PARTIES

1. C7 is a corporation incorporated under the laws of the State of Utah.

2. Cointerra is a corporation organized under the laws of the State of Delaware with its principal place of business located in Austin, Texas.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102(1).

4.  Venue of this action properly lies in this court pursuant to Utah Code Ann. § 78B-3-304 and pursuant to Paragraph 8.12 of the Parties' Master Services Agreement.

5.  The agreement between C7 and Cointerra also provides that the exclusive venue for any judicial action arising out of or relating to the agreement shall be in Salt Lake City, Utah and the parties consent to the jurisdiction of said courts and waive any objection thereto.

## GENERAL ALLEGATIONS

6.  On or about April 9, 2014, C7 and Cointerra entered into a Master Services Agreement – No. CT00040214 (the "Agreement") and an accompanying Statement of Work – No. CT00040114-01 ("SOW") (collectively the Agreement and SOW will be referred to as the "Contract"), copies of which are attached hereto as Exhibits A and B, respectively.

7.  The term of the Contract was 18 months beginning on approximately April 9, 2014 and continuing until approximately October 9, 2015. (Exhibit A at ¶ 7.1.)

8.  Under the Contract, C7 would provide Colocation and Hosting Services as well as Monitoring and Management Services. (Exhibit A at ¶ 1.1.)

9.  More particularly, C7 provides Cointerra cabinet space inside of three separate data centers along with the necessary support of the infrastructure installed therein, including, but not limited to, electricity.

10. Cointerra provides Bitcoin mining solutions for individuals wishing to mine Bitcoin.[1]

11. The mining of Bitcoin consumes large amounts of power and, as such, Cointerra required massive amounts of electricity be provided by C7 to maintain its operations.

12. In order to provide services to Cointerra, C7 has requested and obtained power from Rocky Mountain Power at costs exceeding $12,000.00 per day.

13. In addition, in order to provide services to Cointerra, C7 incurred substantial initial costs and refused services to other potential customers in order to accommodate Cointerra's needs.

14. Cointerra is aware of the initial costs incurred by C7 and is aware that C7 turned down other potential customers who wanted the same data center space that C7 ultimately provided to Cointerra.

15. Cointerra also knows that C7 is incurring recurring costs, including electricity costs, to perform its obligations under the Contract.

16. The Contract requires Cointerra to pay C7 a monthly administration plus any additional expenses, taxes, support and services charges, and/or late fees. (Exhibit A at ¶ 4.0; Exhibit B at ¶ 3.0, Appendix A.)

17. Specifically, Section 4.1 of the Agreement (Exhibit A) states:

**Fees.** In consideration of the Services, Customer shall pay to C7 the fees and other charges set forth in the Payment Schedule of the applicable SOW. Payment of these fees and other charges

---

[1] Mining Bitcoin is the process of adding Bitcoin into circulation by compiling recent transactions into blocks and by solving computationally difficult puzzles.

DMWEST #11500139 v5

entitles Customer to the Services specified in the applicable SOW. All payments are due within thirty (30) days of Customer's receipt of C7's invoice detailing the Services rendered.

18. Cointerra's latest invoice had current charges of $426,243.30. Of this, $75,862.50 was for cabinets and the remaining $350,380.80 was for electricity.

19. Almost immediately after entering into the Contract, Cointerra fell delinquent, often paying less than the amount required to bring it current.

20. Upon information and belief, Cointerra often had revenue sufficient to make larger payments to C7.

21. Upon information and belief, Cointerra chose to pay C7 less than the amounts due in bad faith, knowing that Cointerra was incurring expenses at or above the amounts it was receiving from Cointerra.

22. As of December 1, 2014, Cointerra's past due balance was approximately $1.4 million.

23. The Agreement also provides that "[a]ny payments paid by [Cointerra] more than ten (10) days after the due date ("late payments") shall be subject to a finance charge of 1% per month until paid in full." (Exhibit A at ¶ 4.4.)

24. Cointerra has failed and/or refused to make the payments required under the Contract.

25. C7 sent notices to Cointerra on a weekly basis notifying it of its past due balance and requesting payment.

26. Despite these notices, Cointerra has failed and /or refused to make the payments required under the Contract.

27. Cointerra's contract charges continue to accrue on a monthly basis at a rate of over $425,000.00 per month.

28. The Contract also specifically provides that "[i]n the event of any litigation or arbitration between the Parties relating to this Agreement or the Services or Resources, the prevailing Party shall be entitled to recover from the other Party all reasonable attorneys' fees and other reasonable costs incurred by the prevailing Party in connection therewith." (Exhibit A at ¶ 8.5.)

29. The damages suffered by C7 as a consequence of Cointerra's breach, including payments through the end of the Contract, total $5,394,113.92, plus additional expenses, taxes, late fees, interest, attorneys' fees, and/or costs.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

30. Plaintiff incorporates by reference the allegations above.

31. The Contract constitutes a valid, binding, and enforceable contract between C7 and Cointerra.

32. Cointerra has breached the Contract by failing and/or refusing to make the payments to C7 due thereunder.

33. Cointerra's breach manifests its bad faith as, upon information and belief, Cointerra had the ability to make larger payments but intentionally refrained from doing so knowing that C7 had significant expenses to maintain its services for Cointerra.

34. As a direct and proximate result of Cointerra's breaches, C7 has suffered, and will continue to suffer, damages in an amount to be determined at trial but no less than

$5,394,113.92, plus any additional expenses, taxes, late fees, interest, attorneys' fees, and/or costs.

## SECOND CLAIM FOR RELIEF
(Alternatively – Unjust Enrichment)

35. Plaintiff incorporates by reference the allegations above.

36. Cointerra has received, and continues to receive, benefits from C7 which have been uncompensated.

37. Said benefits are in excess of $1,400,000.00.

38. Cointerra has had an appreciation and knowledge of these benefits.

39. It would be unjust for Cointerra to retain such benefits without compensating C7 for the same.

40. As a direct and proximate result of Cointerra's actions, C7 has suffered, and will continue to suffer, damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests the following relief:

A.  A judgment in favor of C7 and against Cointerra in an amount to be determined at trial but no less than $5,394,113.92, plus any additional expenses, taxes, late fees, interest, attorneys' fees, and/or costs; and

B.  Any other relief the Court finds just and equitable.

DATED this 3rd day of December, 2014.

/s/ Jason D. Boren, Esq.
Jason D. Boren, Esq.
Quinton J. Stephens, Esq.
BALLARD SPAHR LLP
Attorneys for C7 Data Centers, Inc.

Plaintiff's Address:

C7 Data Centers, Inc.
357 South 670 West
Suite 100
Lindon, Utah 84042